**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**DENNIS J. JOHNSON,**

        Petitioner,

v.                       **CIVIL ACTION NO. 5:23-CV-26**
                                   Judge Bailey

**WARDEN BROWN,**

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

## I.    INTRODUCTION

On January 27, 2023, the *pro se* petitioner, Dennis J. Johnson ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  Petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia, and alleges violations of his constitutional rights.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

## II. BACKGROUND[1]

### A.    Conviction and Sentence

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER.  *See United States v. Johnson et al*, 8:11-CR-12-JDW-AEP-1 (M.D. Fl. 2011).  *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On January 12, 2011, petitioner was charged in a three-count indictment in the Middle District of Florida.  On April 21, 2011, petitioner pleaded guilty to two counts: Count One, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(A)(ii), and Count Two, possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2.  On July 18, 2011, petitioner was sentenced to 188 months as to Count One and 60 months as to Count Two, to be served consecutively to Count One.  According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is October 15, 2028.

**B.    The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner alleges that his constitutional rights have been violated; he alleges that an officer "Ice" made harassing sexual comments toward him, destroyed his religious materials and shrine in retaliation for not engaging in sexual conversation, and that other BOP staff covered up the incident.  For relief, he asks that criminal charges be brought against the officer for attempted sexual assault and sexual harassment and against other staff for covering up a criminal offense.

### III.    LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule

1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See **Weller v. Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement.  ***Preiser v. Rodriguez***, 411 U.S. 475, 498–499 (1973).   "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus."  *Id*. at 498.

Here, petitioner alleges that his constitutional rights have been violated and seeks to have criminal charges brought against BOP staff.  Because petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241.   As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of

habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

*Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal citations omitted).  The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for future relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core."  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (internal citations omitted).

The petition in this case does not challenge the validity of petitioner's confinement or seek speedier release from confinement.  Instead, petitioner seeks to have criminal charges brought against BOP officers.  Accordingly, the petition fails to assert a claim for which relief can be granted under 28 U.S.C. § 2241 and the petition should be dismissed.

Further, because the petition should be dismissed for failure to state a claim, petitioner's "Notice to the Court" [Doc. 2], seeking to have declarations submitted into evidence, should be denied as moot.  Similarly, because petitioner has paid the $5 filing fee in this case, his Motion for Leave to Proceed *in forma pauperis* [Doc. 7] should be denied as moot.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and that the pending Motions [**Docs. 2 & 7**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: March 3, 2023.

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE