IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DENNIS J. JOHNSON,**

        Petitioner,

v.                               Civil Action No. 5:23-CV-26
                                       Judge Bailey

**WARDEN BROWN,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above referenced case is before this Court upon Magistrate Judge Mazzone's recommendation that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

Magistrate Judge Mazzone's Report and Recommendation ("R&R") accurately summarizes the background of this case:

On January 12, 2011, petitioner was charged in a three-count indictment in the Middle District of Florida. On April 21, 2011, petitioner pleaded guilty to two counts: Count One, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(A)(ii), and Count Two, possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C.

1

§ 2.  On July 18, 2011, petitioner was sentenced to 188 months as to Count One and 60 months as to Count Two, to be served consecutively to Count One.  According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is October 15, 2028.

In his petition, petitioner alleges that his constitutional rights have been violated; he alleges that an officer "Ice" made harassing sexual comments toward him, destroyed his religious materials and shrine in retaliation for not engaging in sexual conversation, and that other BOP staff covered up the incident.  For relief, he asks that criminal charges be brought against the officer for attempted sexual assault and sexual harassment and against other staff for covering up a criminal offense.

[Doc. 12 at 2].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed his objections [Doc. 16] on March 20, 2023. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

In the R&R, Magistrate Judge Mazzone concludes that Mr. Johnson's petition fails to assert a claim for which relief can be granted under 28 U.S.C. § 2241 as Mr. Johnson does not challenge the validity of his confinement or seek speedier release from confinement. [Doc. 12 at 4]. Instead, Mr. Johnson seeks to have criminal charges brought against the BOP officers. [Id].

Mr. Johnson objects to Magistrate Judge Mazzone's R&R claiming that the petition challenges both the conditions of his confinement and the BOP policy statement

3

concerning the established policy for PREA cases that the administration officials fail to follow. [Doc. 16 at 2].

Magistrate Judge Mazzone is correct–Mr. Johnson's claims are inappropriate for consideration under § 2241. A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. ***Preiser v. Rodriguez***, 411 U.S. 475, 498–99 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." *Id.* at 498. In the present case, Mr. Johnson alleges his constitutional rights have been violated and seeks to have criminal charges brought against BOP staff. See [Doc. 1]. The petition does not challenge the validity of his confinement or seek a speedier release from confinement. Instead, Mr. Johnson seeks to have criminal charges brought against BOP officers. Because Mr. Johnson seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241.[1]

A *de novo* review of Magistrate Judge Mazzone's R&R and the grounds in support of petitioner's objections leads this Court to conclude that petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. §2241. Accordingly, petitioner's objections are overruled.

---

[1] Mr. Johnson also asks this Court for leave to amend his petition. [Doc. 16 at 2]. Mr. Johnson states that he wants to challenge the inadequacy of the BOP's policy statement concerning PREA and the conditions of his confinement as far as the physical and psychological abuse from the alleged sexual assault committed by the officers. [Id]. Amending his complaint to add these facts will not change the fact that the relief he is seeking does not affect the fact or duration of his confinement. Accordingly, a § 2241 petition is not the correct avenue for relief for Mr. Johnson.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 12]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections [**Doc. 16**] are **OVERRULED**. This Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Additionally, petitioner's pending Motions [**Docs. 2 & 7**] are **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 22, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE